# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**VOLKSWAGEN GROUP OF AMERICA, INC.,**

**Plaintiff,**

v.

**THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,**

**Defendants.**

Civil Action No.  1:19-cv-01574

## VERIFIED COMPLAINT

Plaintiff Volkswagen Group of America, Inc. ("Plaintiff" or "VWGoA"), by counsel, alleges as follows for its Verified Complaint against the Defendant Unincorporated Associations identified in Schedule A (collectively "Defendants").[1]

## NATURE OF THE SUIT

1.      Plaintiff files this action to combat online counterfeiters who trade upon the world-renowned reputation of its associated brands by selling unauthorized and unlicensed counterfeit versions of Plaintiff's proprietary ODIS diagnostic software using counterfeit versions of Audi AG's ("Audi"), VW AG's ("VW"), Bentley Motors' ("Bentley"), and

---

[1] As set forth in Plaintiff's Motion to Seal and for the reasons set forth in its *Ex Parte* Motion for Temporary Restraining Order, temporarily sealing the names of the Defendants is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the Temporary Restraining Order, and the likelihood that Defendants would transfer all funds out of U.S.-based accounts upon receiving notice of this action.

Automobili Lamborghini's ("Lamborghini") (collectively "the VW Brands") federally-registered trademarks and the common law ODIS trademark (collectively the "Counterfeit VWGoA Products"). Defendants create hundreds of online product listings for compact discs, key codes, and links and design them to appear as providing genuine ODIS software downloads, while instead selling Counterfeit VWGoA Products by the thousands to unknowing consumers. Defendants attempt to avoid liability by concealing their identities and the full scope and interworking of their counterfeiting operations. Plaintiff is forced to file this action to combat Defendants' unauthorized use of the VW Brands' registered trademarks, as well as to protect unknowing consumers from purchasing the inferior Counterfeit VWGoA Products. Plaintiff has been, and continues to be, irreparably damaged through infringement, dilution, and tarnishment of the VW Brands' valuable trademarks as a result of Defendants' willful actions, and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. §1121.

3.     Plaintiff's claims against Defendants for counterfeiting, trademark infringement, false designation of origin, and trademark dilution are based on Defendants' misuse of the VW Brands' trademarks to market and sell Counterfeit VWGoA Products, Defendants' sale and shipment of such counterfeit products to consumers in this District, and, on information and belief, Defendants' use of instrumentalities in the District to promote and sell Counterfeit VWGoA Products including through use of online marketplaces, such as eBay.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in the United States, including Virginia and this District, through at least the Online Marketplace Accounts/Internet Stores identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are seeking to do business with this District's residents by operating one or more commercial Defendant Internet Stores through which Virginia residents are misled to purchase counterfeit products using the VW Brands' trademarks. Each of the Defendants has targeted sales to Virginia residents by operating online stores that offer shipping to the United States, including Virginia and this District, and accept payment in U.S. dollars. Plaintiff confirmed that Defendants ship their Counterfeit VWGoA Products to this District by requesting shipping information from each of the Defendants' Internet Stores. Each of the Defendants is committing tortious acts in Virginia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Virginia.

## PARTIES

**The Plaintiff**

5.      Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia.

6.      Under agreement with Audi, VW, Bentley, and Lamborghini, Volkswagen Group of America, Inc. polices, enforces, and promotes the VW Brands' trademarks in the United States.

7.      Audi, VW, Bentley, and Lamborghini are all world-famous automobile manufacturers that sell Audi, VW, Bentley, and Lamborghini automobiles, genuine parts, and accessories ("VW Brands' Products") through a network of licensed dealerships throughout the United States.

8.     The distinctive trademarks of Audi, VW, Bentley, and Lamborghini symbolize each brand's marketability, reputation, and goodwill. For example, it was noted that there is a "close emotional bond between the Volkswagen brand, its customers and [Volkswagen's] products."[2] Audi's products evoke a similar emotional reaction among consumers. The magazine Fast Company concluded that "Audi drivers are the most attached and personally connected to their car brand."[3] Interbrand, a global consulting firm, recently ranked both Volkswagen and Audi 38th and 40th, respectively, on a list of the most recognizable global brands.[4] Lamborghini also "score[d] highest in terms of distinctiveness and being an experiential brand" worldwide on the Kadence Luxury Index.[5] And according to the well-known online automotive resource, Edmunds.com, "[t]he Bentley brand is to luxury cars [as] Everest is to mountains."[6] The VW Brands have achieved this level of recognition through their philosophy of manufacturing competence, innovation, and quality.

---

[2] *See* Press Release, "New Volkswagen campaign puts the focus on people," Feb. 3, 2016, https://www.volkswagen-media-services.com/en/detailpage/-/detail/New-Volkswagen-campaign-puts-the-focus-on-people/view/3154886/7a5bbec13158edd433c6630f5ac445da (last accessed October 21, 2019).

[3] *See* Rae Ann Fera, "Audi Drivers Are More Attached to Their Car Than Anyone Else," Nov. 19, 2014, https://www.fastcompany.com/3038819/audi-drivers-are-the-most-attached-totheir-cars-according-to-brand-dependence-index (last accessed October 21, 2019).

[4] *See* Interbrand.com, "Best Global Brands 2016 Ranking," http://interbrand.com/bestbrands/best-global-brands/2016/ranking/ (last accessed October 21, 2019).

[5] *See* Charlotte Rogers, "The changing nature of luxury: How brands are evolving to meet consumers' demands," May 22, 2018, https://www.marketingweek.com/evolving-concept-luxury/ (last accessed November 13, 2019).

[6] *See* Edmunds.com, "Bentley Reviews – Bentley Cards," https://www.edmunds.com/bentley/ (last accessed November 13, 2019).

**Volkswagen**

9. Volkswagen ("VW") incorporates a variety of distinctive trademarks in the design of its vehicles, vehicle parts, and vehicle accessories. Volkswagen uses its trademarks in connection with the marketing of VW vehicles, accessories, parts, and services. VW is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "VW Trademarks":

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 0653695 | VW | October 29, 1957 | 44(E) | Automobiles and accessories for automobiles |
| 2100963 |  | September 30, 1997 | March 1, 1995 | Automobiles and structural parts therefor. |
| 2818615 | VW | March 2, 2004 | 44(E) | Vehicle repair and maintenance services; providing automobile repair information |
| 2849974 |  | June 8, 2004 | 44(E) | Vehicle repair and maintenance services |
| 2987620 |  | August 23, 2005 | 66A | Vehicle repair and maintenance services; vehicle service stations; providing automobile repair information |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 2992649 | VW | September 6, 2005 | 66A | Repair and maintenance of vehicles including vehicle repair in the course of vehicle breakdown **service**; cleaning, repairing, maintenance and polishing of vehicles |
| 4177648 | VW AG | July 24, 2012 | 66A | Recorded and downloadable computer programs and software and collected data recorded on data carriers in the field of automobiles recorded on data carriers for use in data base management |
| 3032408 |  | December 20, 2005 | 66A | Vehicle repair and maintenance services, providing automobile repair information; vehicle services stations |

10.     The VW Trademarks have been used exclusively and continuously by VW for over 50 years, and have never been abandoned. The above U.S. registrations for the VW Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct "status" copies of these registrations, obtained from the Trademark Status Document Retrieval (TSDR) database of the United States Patent and Trademark Office are attached hereto as **Exhibit 1**. The registrations for the VW Trademarks constitute *prima facie* evidence of their validity and of Volkswagen's exclusive right to use the VW Trademarks pursuant to 15 U.S.C. § 1057(b).

11.     VW has spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks, including without limitation the distinctive and famous Volkswagen VW mark throughout the world. As a result of such advertising and expenditures, and significant sales of VW products in the U.S. and worldwide, the VW Trademarks are world famous, and associated by the consuming public exclusively with Volkswagen.

12.     The VW Trademarks perform an important source-identifying function as applied to automobiles and related products including, but not limited to, software tools used for automobile repair and maintenance, signifying to the purchaser that the products come from VW and are manufactured to VW's high-quality standards. VW has established considerable goodwill in its trademarks; the goodwill associated with the VW Trademarks is of incalculable and inestimable value to VW.

### Audi

13.     Audi similarly incorporates a variety of distinctive marks in the design of its vehicles, vehicle parts, and vehicle accessories. Audi uses its trademarks in connection with the marketing of Audi vehicles, accessories, parts, and services. Audi is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "Audi Trademarks":

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 0906525 |  | January 26, 1972 | June 1955 | Automobiles; Automobile engines |
| 3007305 |  | October 18, 2005 | December 31, 1970 | Automobile wheels |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 3201037 | | January 23, 2007 | January 22, 1936 | Automobiles and structural parts therefor |
| 0708352 | AUDI | December 13, 1960 | 44(E) | Automobiles and structural parts thereof |
| 2083439 | | July 29, 1997 | April 1995 | Automobiles and structural parts therefor; Automobile dealership services |
| 4284786 | | February 5, 2013 | 44(E) | Vehicles and their structural parts; Repair maintenance and servicing of vehicles |
| 4995364 | AUDI | July 12, 2016 | 66A | Motor vehicle maintenance, repair, and servicing |
| 5841808 | | August 27, 2019 | 66A | Application **software** for smartphones for vehicle navigation, scheduling, planning, organizing, managing and paying for temporary use of motor vehicles and short term rental and leasing of automobiles as well as vehicle monitoring |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 4875308 | AUDI | December 22, 2015 | April 27, 2015 | Computer application **software** for mobile phones, namely, **software** for scheduling, planning, organizing, managing and paying for temporary use of motor vehicles, short term rental and leasing of automobiles; Providing a website featuring non-downloadable **software** for scheduling, planning, organizing, managing and paying for temporary use of motor vehicles, short term rental and leasing of automobiles; providing a website featuring technology that enables users to schedule, plan, organize, manage and pay for temporary use of motor vehicles, short term rental and leasing of automobiles |
| 4278066 | AUDI CONNECT | January 22, 2013 | 44E | Scientific and technological **services**, namely, scientific analysis and testing **services** and research and design in the field of automotive engineering and interactive communication; industrial analysis and research **services** in the field of automotive engineering and interactive communication; design and development of computer hardware and software, in particular of interactive multimedia software; installation and maintenance of software |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 4280048 | AUDI CONNECT | January 22, 2013 | March 18, 2011 | Data processing equipment and computers; computer programs and computer software for electronic storage of data; and computer hardware; |

14.     The Audi Trademarks have been used exclusively and continuously by Audi for decades, and have never been abandoned. The above U.S. registrations for the Audi Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct status copies of these registrations, obtained from the TSDR database of the United States Patent and Trademark Office for the above-listed Audi Trademarks are attached hereto as **Exhibit 2**. The registrations for the Audi Trademarks constitute *prima facie* evidence of their validity and of Audi's exclusive right to use the Audi Trademarks pursuant to 15 U.S.C. § 1057(b).

15.     Like Volkswagen, Audi has also spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks, including without limitation the distinctive and famous Audi Four Rings mark throughout the world. As a result of such advertising and expenditures, and significant sales of Volkswagen products in the U.S. and worldwide, the Audi Trademarks are world famous and associated by the consuming public exclusively with Audi.

16.     The Audi Trademarks perform an important source-identifying function as applied to automobiles and related products including, but not limited to, software tools used for automobile repair and maintenance, signifying to the purchaser that the products come from Audi and are manufactured to Audi's high-quality standards. Audi has established considerable

goodwill in its trademarks; the goodwill associated with the Audi Trademarks is of incalculable and inestimable value to Audi.

## Bentley

17.     Bentley also uses its distinctive trademarks in connection with the design and marketing of Bentley vehicles, accessories, parts, and services. Bentley is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "Bentley Trademarks":

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 5121498 |  | January 17, 2017 | 66A | Motor vehicles and parts and fittings therefor; Retail and wholesale services, namely, automobile dealerships |
| 1093195 |  | June 13, 1978 | 1936 | Automobiles and structural parts therefor |
| 0646403 | BENTLEY | June 4, 1957 | 1935 | Automobiles and structural parts therefor |
| 0344524 |  | March 30, 1937 | 1919 | Automobiles and chassis thereof |
| 3998345 | BENTLEY | July 19, 2011 | April 11, 2011 | Repair, installation, and maintenance services all relating to automobiles |

18.     The Bentley Trademarks have been used exclusively and continuously by Bentley for decades, and have never been abandoned. The above U.S. registrations for the Bentley Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct status copies of these registrations, obtained from the TSDR database of the United States Patent and Trademark Office for the above-listed Bentley Trademarks are attached hereto as **Exhibit 3**. The registrations for the Bentley Trademarks constitute *prima facie* evidence of their validity and of Bentley's exclusive right to use the Bentley Trademarks pursuant to 15 U.S.C. § 1057(b).

19.     Like Volkswagen and Audi, Bentley has also spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks, including without limitation the distinctive and famous Bentley Wings mark throughout the world. As a result of such advertising and expenditures, and significant sales of Volkswagen products in the U.S. and worldwide, the Bentley Trademarks are world famous and associated by the consuming public exclusively with Bentley.

20.     The Bentley Trademarks perform an important source-identifying function as applied to automobiles and related products including, but not limited to, software tools used for automobile repair and maintenance, signifying to the purchaser that the products come from Bentley and are manufactured to Bentley's high-quality standards. Bentley has established considerable goodwill in its trademarks; the goodwill associated with the Bentley Trademarks is of incalculable and inestimable value to Bentley.

## Lamborghini

21.     Lamborghini incorporates a variety of distinctive marks in the design of its vehicles, vehicle parts, and vehicle accessories. Lamborghini uses its trademarks in connection

with the marketing of Lamborghini vehicles, accessories, parts, and services. Lamborghini is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "Lamborghini Trademarks":

| Reg. No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 1622382 | LAMBORGHINI | November 13, 1990 | January 1965 | Automobiles and their structural parts |
| 1624722 |  | November 27, 1990 | January 1965 | Automobiles, [engines] therefor and structural parts thereof |
| 3671571 |  | August 25, 2009 | July 30, 1982 | Motor vehicles, namely, automobiles and structural parts thereof |
| 4986530 |  | June 28, 2016 | 44(E) | Vehicles, namely, automobiles and their structural parts |
| 4912046 | LAMBORGHINI AVENTADOR VENENO | March 8, 2016 | 44(E) | Automobiles and structural parts thereof |
| 4912047 |  | March 8, 2016 | 44(E) | Automobiles and structural parts thereof |
| 5107432 |  | December 27, 2016 | 44(E) | Vehicles for locomotion by land; books in the field of sports cars and automobiles |

22.     The Lamborghini Trademarks have been used exclusively and continuously by Lamborghini for decades, and have never been abandoned. The above U.S. registrations for the Lamborghini Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct status copies of these registrations, obtained from the TSDR database of the United States Patent and Trademark Office for the above-listed Lamborghini Trademarks are attached hereto as **Exhibit 4**. The registrations for the Lamborghini Trademarks constitute *prima facie* evidence of their validity and of Lamborghini's exclusive right to use the Lamborghini Trademarks pursuant to 15 U.S.C. § 1057(b).

23.     Like Volkswagen, Audi, and Bentley, Lamborghini has also spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks, including without limitation the distinctive and famous Lamborghini Bull Logo mark throughout the world. As a result of such advertising and expenditures, and significant sales of Volkswagen products in the U.S. and worldwide, the Lamborghini Trademarks are world famous and associated by the consuming public exclusively with Lamborghini.

24.     The Lamborghini Trademarks perform an important source-identifying function as applied to automobiles and related products including, but not limited to, software tools used for automobile repair and maintenance, signifying to the purchaser that the products come from Lamborghini and are manufactured to Lamborghini's high-quality standards. Lamborghini has established considerable goodwill in its trademarks; the goodwill associated with the Lamborghini Trademarks is of incalculable and inestimable value to Lamborghini.

25.     The Defendants in this case are all selling counterfeit ODIS software downloads that, on information and belief, bear the VW Brands' registered trademarks. The ODIS software

enables users to diagnose VWGoA branded automobiles (including VW, Audi, Bentley, and Lamborghini), and provides information during the diagnoses related to vehicle data, repair manuals, circuit diagrams, field actions, and technical product information. The VW Brands' trademarks are used as important source identification features on the product, identifying the origin of the software as from VWGoA, and containing information and codes necessary for servicing VWGoA vehicles. By prominently displaying the VW Brand trademarks on and within the software, a version shown below, Plaintiff assures consumers that its proprietary software is genuine and provides reliable diagnostic information for VWGoA automobiles.



**The Defendants**

26.     Defendants are individuals and business entities who, upon information and belief, reside in China, and elsewhere outside the United States. Defendants conduct business throughout the United States, including within the State of Virginia and this Judicial District, through the operation of online marketplaces, such as eBay. Each Defendant targets the United States, including Virginia, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit VWGoA Products to consumers within the United States, including the State of Virginia and this District.

27.     On information and belief, Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit products using the VW Brands' Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Defendants each use similar or the same pictures and descriptions of the Counterfeit VWGoA Products in their Online Marketplaces. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

<b><u>DEFENDANTS' UNLAWFUL CONDUCT</u></b>

28.     Unfortunately, the success of the Volkswagen brands has resulted in significant counterfeiting of vehicle parts and accessories. Consequently, Plaintiff has instituted a worldwide anti-counterfeiting program designed to regularly investigate suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. Despite Plaintiff's enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are

estimated to receive tens of millions of visits per year and generate nearly $500 billion in global online sales annually.[7] According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2017 was over $1.4 billion.[8] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

29.     Recently, Plaintiff became aware of Defendants' online sales of the ODIS software, and strongly suspected such goods were counterfeit. Defendants were selling these counterfeit goods by the thousands, and the goods were priced at substantially lower prices than the genuine ODIS software. Most of the online listings stated the software was intended to be used with VW brand automobiles. Plaintiff reviewed offerings from each of the Defendant Internet Stores to determine their authenticity. Copies of the counterfeit product offerings from the Defendant Internet Stores on eBay are attached as **Exhibit 5**. This review led to the determination that the products offered by the Defendant Internet Stores were, in fact, Counterfeit VWGoA Products.

30.     On information and belief, Defendants reside in China and utilize Defendant Internet Stores to sell Counterfeit VWGoA Products.

31.     On information and belief, Defendants act in concert to make and distribute the Counterfeit VWGoA Products to the United States. These tactics include similar pricing

---

[7] *See* Alanna Petroff, "The Fakes Industry is worth $461 billion," April 18, 2016, http://money.cnn.com/2016/04/18/news/economy/fake-purses-shoes-economy-counterfeit-trade/index.html (last accessed June 5, 2019).

[8] *See* Homeland Security, "Intellectual Property Rights Seizure Statistics: Fiscal Year 2018, https://www.cbp.gov/sites/default/files/assets/documents/2019-Aug/IPR_Annual-Report-FY-2018.pdf.

structures, similar descriptions of the Counterfeit VWGoA Products, and similar payment methods.

32.     Defendants offered to ship the goods into this Judicial District. Images of the shipping page from each of the Defendant Internet Stores are attached as **Exhibit 6**.

33.      Plaintiff has inspected the product offerings by Defendants and has determined that they are counterfeit. Defendants' Counterfeit VWGoA Products are nothing more than cheap, unauthorized copies of the genuine ODIS software.

34.     Defendants facilitate their sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendants further perpetuate the illusion of legitimacy by purporting to offer "customer service" and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Plaintiff has not licensed or authorized Defendants to use any of the VW Brands' Trademarks, and none of the Defendants are authorized retailers of genuine VWGoA Products.

35.     Defendants also deceive unknowing consumers by using the VW Brands' Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for the ODIS software. On information and belief, Defendants show the VW Brands' Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for the ODIS software.

36.     Further, on information and belief, Defendants have gone to great lengths to conceal their identities and often use multiple fictitious names, business names, and addresses to register and operate their network of Defendant Internet Stores. And so far, these actions have

been successful because, despite Plaintiff's good faith attempts to identify Defendants, Plaintiff is unable to reliably determine any of the Defendants' identities. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

37.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicates that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.[9]

38.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts to offshore bank accounts outside the jurisdiction of this Court.

---

[9] *See* Homeland Security, "Intellectual Property Rights: Fiscal Year 2012 Seizure Statistics," 2012, https://www.cbp.gov/sites/default/files/documents/FY2012%20IPR%20Seizure%20Statistics_0.pdf (last accessed August 28, 2017).

39.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the VW Brands' Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit VWGoA Products into the United States, and Virginia, over the Internet. The Defendant Internet Stores offer shipping to the United States, including Virginia and, on information and belief, each Defendant has sold Counterfeit VWGoA Products in the United States, including Virginia and this District.

40.     Defendants' use of the VW Brands' Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit VWGoA Products, including the sale of Counterfeit VWGoA Products in the United States, including Virginia, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## JOINDER IS APPROPRIATE

41.     Joinder is appropriate because, on information and belief, Defendants' sale of Counterfeit VWGoA Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Counterfeit VWGoA Products. For example, Defendants, on information and belief, are working together to manufacture, arrange the manufacture of, and/or sell and otherwise distribute the Counterfeit VWGoA Products.

42.     It is also well recognized that China-based counterfeiters typically work in a conspiracy to achieve larger market shares and faster production. For example, a Forbes article explained that "the whole [Chinese counterfeiting] system is cooperative, based on the concept

of *gongban*, which roughly translates to a public bowl. Meaning, people want to share… [s]o people are starting to share and that turns out to drive the whole industry to move so fast."[10]

43.     In this case, Defendants sell the Counterfeit VWGoA Products using the same Internet platforms, such as eBay. The Defendant Internet Stores also describe the Counterfeit VWGoA Products using similar descriptions and pictures.

## COUNT I - TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114)

44.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 43.

45.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of the VW Brands' federally-registered Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit and infringing goods. The VW Brands' Trademarks are distinctive marks.

46.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the VW Brands' Trademarks without Plaintiff's permission.

47.     Plaintiff is the exclusive licensee of the VW Brands' Trademarks. The VW Brands' United States registrations for their respective Trademarks (**Exhibits 1-4**) are in full force and effect. Upon information and belief, Defendants have knowledge of the VW Brands' rights in their Trademarks, and are willfully infringing and intentionally unauthorized versions of the VW Brands' Trademarks. Defendants' willful, intentional, and unauthorized use of the VW

---

[10] Wade Shepard, "Amazon and Ebay Opened Pandora's Box Of Chinese Counterfeits And Now Don't Know What To Do," Oct 28, 2017, https://www.forbes.com/sites/wadeshepard/2017/10/28/amazon-and-ebay-opened-pandoras-box-of-chinese-counterfeits-and-now-dont-know-what-to-do/#24b855c46a25 (last accessed November 13, 2019).

Brands' Trademarks is likely to cause, and is causing, confusion, mistake, and deception as to the origin and quality of the Counterfeit VWGoA Products among the general public.

48.    Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.    Plaintiff has no adequate remedy at law and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the goodwill of the VW Brands' Trademarks.

50.    The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit VWGoA Products.

## COUNT II- FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

51.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 50.

52.    Defendants' promotion, marketing, offering for sale, and sale of Counterfeit VWGoA Products has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit VWGoA Products by Plaintiff.

53.    By using the VW Brands' Trademarks on the Counterfeit VWGoA Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit VWGoA Products.

54.    Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit VWGoA Products to the general public involves the

use of the VW Brands' Trademarks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

55.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputations and the associated goodwill of the VW Brands' Trademarks.

## COUNT III- TRADEMARK DILUTION
### (15 U.S.C. § 1125(C))

56.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 55.

57.     The VW Brands' Trademarks have become famous and distinctive worldwide through decades of continuous and exclusive use in connection with various products and services.

58.     Because the VW Brands' products and services have gained a reputation for superior quality, durability, and performance, the VW Brands' Trademarks have gained substantial renown.

59.     Defendants have willfully and intentionally used, and continue to use, the VW Brands' Trademarks in connection with the advertisement, promotion, and sale of Defendants' products.

60.     Defendants' use of the VW Brands' Trademarks has caused, and continues to cause, irreparable injury to and actual dilution of the distinctive quality of the VW Brands' Trademarks in violation of 15 U.S.C. § 1125(c). Defendants' wrongful use of the VW Brands' Trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the VW Brands' Trademarks.

61. Defendants have used, and continue to use, the VW Brands' Trademarks willfully and with the intent to dilute the VW Brands' Trademarks, and with the intent to trade on Plaintiff's reputation and the goodwill inherent in the VW Brands' Trademarks.

62. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to the VW Brands' Trademarks.

63. Unless Defendants are enjoined, the VW Brands' Trademarks will continue to be irreparably harmed and diluted. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

64. Defendants have used, and continue to use, the VW Brands' Trademarks, willfully, and with the intent to dilute the VW Brands' Trademarks and trade on Plaintiff's reputation and goodwill. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

65. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the VW Brands' Trademarks pursuant to 15 U.S.C. §1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

      a. using the VW Brands' Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a

genuine VWGoA Product or is not authorized by Plaintiff to be sold in connection with the VW Brands' Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine VWGoA Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the VW Brands' Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit VWGoA Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the VW Brands' Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the VW Brands' trademarks, including the VW Brands' Trademarks, or any reproductions, copies, or colorable imitations thereof.

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors and

other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

    a.  disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the VW Brands' Trademarks; and

    b.  disable and cease displaying any advertisements used by, or associated with, Defendants in connection with the sale of counterfeit and infringing goods using the VW Brands' Trademarks.

C.  That Defendants account for, and pay to Plaintiff, all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the VW Brands' Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

D.  In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the VW Brands' Trademarks.

E.  That Plaintiff be awarded their reasonable attorneys' fees and costs.

F.  Award any and all other relief that this Court deems just and proper.

Date: December 13, 2019 Respectfully submitted,

/s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Daniel E. Yonan (VSB No. 46019)
Nicholas J. Nowak (*pro hac pending*)
Daniel S. Block (*pro hac pending*)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 600
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
dyonan@sternekessler.com
nnowak@sternekessler.com
dblock@sternekessler.com

*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT

I declare, under penalty of perjury of the laws of the United states that:

I am employed by Volkswagen Group of America, Inc., and I have read, am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within my personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that I am informed that the facts stated therein are true and correct.

Executed on December 2, 2019.

Travis Taylor
Service Compliance Specialist
VOLKSWAGEN Group of America, Inc.