UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **VOLKSWAGEN GROUP OF AMERICA, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>Defendants. | Civil Action No.  1:19-cv-01574-AJT-MSN |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION</u>**

Plaintiff Volkswagen Group of America, Inc. ("Plaintiff" or "VWGoA"), by counsel, and pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, by counsel, submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**I.      INTRODUCTION**

Plaintiff brings the present action to stop the sale of unauthorized and unlicensed counterfeit versions of Plaintiff's proprietary ODIS diagnostic software using counterfeit versions of Audi AG's ("Audi"), VW AG's ("VW"), Bentley Motors' ("Bentley"), and Automobili Lamborghini's ("Lamborghini") (collectively "the VW Brands") federally-registered trademarks and the common law ODIS trademark (collectively the "Counterfeit VWGoA Products"). On information and belief, Defendants are a related group of counterfeiters attempting to import Counterfeit VWGoA Products from China into the United States and sell them for a profit.

1

## II.     STATEMENT OF FACTS

As alleged in Plaintiff's Verified Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling unauthorized and unlicensed counterfeit versions of Plaintiff's proprietary ODIS diagnostic software using counterfeit versions of the VW Brands' federally-registered trademarks (the "VW Trademarks") and the common law ODIS trademark through hundreds of eBay auctions operating under at least the Online Marketplace Accounts/Internet Stores identified in Schedule A to the Complaint (collectively the "Defendant Internet Stores").

Defendants run sophisticated counterfeiting operations, and are doing business with Virginia residents by selling Counterfeit VWGoA Products through online marketplaces, such as eBay. *See* Complaint [ECF 1], ¶¶ 26-40. The Defendant Internet Stores share unique identifiers, such as design elements, trade channels, similarities in price, similarities in the description of the goods offered, and similarities of the counterfeit products offered for sale, establishing a logical relationship between them. *See id.* ¶ 27; and Exhibit 5 to Complaint. Further, Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operations. *See id.* Defendants' ongoing unlawful activities should be stopped as soon as possible.

Defendants facilitate sales of Counterfeit VWGoA Products by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. *See id.* ¶ 34. Many Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards and PayPal; and ship the Counterfeit VWGoA Products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. *See id.* ¶ 34, 37. Numerous Defendant Internet Stores often include content and design elements that make it very difficult for consumers to distinguish such counterfeit sites

from an authorized website. *See id.* ¶ 34. Plaintiff has not licensed or authorized Defendants to use any of the VW Brand's Trademarks, and none of the Defendants are authorized retailers of genuine VWGoA Products. *Id.* Many Defendants further perpetuate the illusion of legitimacy by using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. *Id.*

Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. *See id.* ¶ 36. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. *Id.* Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down. *Id.*

On December 20, 2019, this Court granted Plaintiff's *Ex Parte* Motion for a Temporary Asset Restraint and Expedited Discovery Order (the "TRO"). *See* ECF 21. The TRO ordered PayPal, Inc. ("PayPal") to immediately freeze all PayPal accounts associated with Defendants, and restrain and enjoin from transfer of any monies held in such accounts until further ordered by the Court. *Id.* PayPal subsequently complied with this Order.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit VWGoA Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendants' PayPal accounts remain frozen until the completion of these proceedings.

If the PayPal accounts are unfrozen, Plaintiff will be left without recourse in this case. If the PayPal accounts are unfrozen, Defendants are likely to transfer the funds from PayPal to a different account, potentially even outside of this Court's jurisdiction. *See* ECF 11 at 1, 9, 14, 16. Plaintiff respectfully requests that this Court issue an order continuing to restrain the monies held by PayPal of Defendants identified in Schedule A to the Complaint.

## III.   ARGUMENT

### A.   A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting, including the Eastern District of Virginia, have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01126-LO-IDD [ECF 47] (E.D. Va. Oct. 11, 2019) (entering a preliminary injunction against PayPal and/or Alipay accounts associated with online eBay and/or AliExpress marketplaces); *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 43] (E.D. Va. Sept. 13, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00715-LO-IDD [ECF 58] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 62] (E.D. Va. June 28, 2019) (same), *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01516-LO-IDD [ECF 45] (E.D. Va. Jan. 15, 2019) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01382-CMH-TCB [ECF 44] (E.D. Va. Dec. 14, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01287-LO-IDD [ECF 48] (E.D. Va. Nov. 14, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01207-LO-IDD [ECF 39]

4

(E.D. Va. Oct. 17, 2018) (same); *Volvo Car Corp. et al v. The Unincorporated Associations Identified in Schedule A*, 18-cv-00977-LO-MSN [ECF 49] (E.D. Va. Oct. 4, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01063-LO-IDD [ECF 45] (E.D. Va. Sept. 12, 2018) (same); *Volkswagen AG, et al v. The Unincorporated Associations Identified in Schedule A*, 17-cv-970-LMB-IDD [ECF 59] (E.D. Va. Jan. 8, 2018) (same); *Volkswagen AG et al. v. Unincorporated Ass'n, et a*l., Case No. 17-cv-01413 [ECF 59] (E.D. Va. Jun. 8, 2018) (same); *Global Tel-Link Corp. v. Jail Call Servs., LLC*, No. 1:14-CV-1557, 2015 WL 1936502, at *2 (E.D. Va. Apr. 28, 2015); *Microsoft Corp. v. John Does 1-8*, No. 1:14-CV-811 [ECF No. 33] (E.D. Va. July 15, 2014); *Microsoft Corp. v. Does 1-18*, No. 1:13-CV-139 LMB/TCB [ECF No. 38] (E.D. Va. Feb. 13, 2013); *Chanel, Inc. v. Sea Hero, et al*, 235 F.Supp.3d 1375 (S.D. Fla. Mar. 8, 2016); *True Religion Apparel, Inc., et al. v. Does 1-100*, No. 1:12-cv-9894 [ECF No. 32] (N.D. Ill. Jan. 15, 2013).

    i. <u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., U.S. ex rel. $12,642.00 U.S. Currency v. Com. of Va.*, 2003 WL 23710710, at *1 (E.D. Va. 2003) (citing *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353 (4th Cir. 1991) ("The standard for granting either a TRO or a preliminary injunction is the same.")). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–690 (2008)); *Real Truth About Obama, Inc. v.*

*Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (reiterating the Supreme Court's standard). By virtue of the Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii. The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, PayPal has provided Plaintiff with information, including the identification of the PayPal accounts linked to the Defendant Internet Stores which were offering for sale and/or selling counterfeit versions of Plaintiff's proprietary ODIS diagnostic software. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts subject to the TRO, including moving such assets to accounts outside the jurisdiction of this Court. Therefore, Defendants' assets should remain frozen for the remainder of the proceeding.

The amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen PayPal accounts. For example, Plaintiff's prayer for relief requests statutory damages of $2 million from each Defendant. *See* ECF 1. In addition, and as established in Plaintiff's TRO Memorandum (ECF 11), many federal courts, including the Eastern District of Virginia, have granted orders preventing the fraudulent transfer of assets in numerous instances. *See Volkswagen AG, et al v. The Unincorporated Associations Identified in Schedule A*, 17-cv-970-LMB-IDD [ECF 12] (E.D. Va. Sept. 5, 2017) (granting a TRO ordering PayPal to freeze funds of defendants); *Volkswagen AG et al. v. Unincorporated Ass'n, et a*l., Case No. 17-cv-001413 [ECF 18] (E.D. Va. Jan 5, 2018) (same);

*Montblanc-Simplo GmbH v. The Internet Domain Names identified on Schedule A*, 17-cv-00415-LMB-TCB [ECF No. 15] (E.D.Va. April 14, 2017) (granting TRO directing PayPal to freeze all funds involving defendants' accounts); *Axiom Res. Mgmt., Inc. v. Alfotech Solutions, LLC*, No. 1:10-CV-1011, 2011 WL 2559806, at *2 (E.D.Va. June 27, 2011) (extending preliminary injunction preventing withdrawal or disposition of funds held in defendant's bank accounts); *Bottega Veneta SA v. 2013bagsale.com*, No. 13-cv-62456 (ECF No. 7) (S.D. Fla. Nov. 15, 2013) (granting TRO directing PayPal to freeze all funds involving defendants' accounts); *SEC v. Temme*, No. 4:11-CV-655, 2011 WL 13143509, at *2 (E.D. Tex. Oct. 14, 2011) (enjoining "any bank, trust company, broker-dealer, depository institution, entity, or individual holding accounts or assets for or on behalf of any of the [d]efendants" from disbursing the defendants' assets).

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction freezing all PayPal accounts associated with the Defendants that remain subject to this action and restrain and enjoin from transfer any monies in such accounts until ordered by this Court.

Date:  January 14, 2020

Respectfully submitted,

/s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Daniel E. Yonan (VSB No. 46019)
Nicholas J. Nowak (*pro hac vice*)
Daniel S. Block (*pro hac vice*)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 600
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
dyonan@sternekessler.com
nnowak@sternekessler.com
dblock@sternekessler.com

*Attorneys for Plaintiff*