UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, <br><br> Defendants. | Civil Action No. 1:19-cv-01574-AJT-MSN |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS BY EMAIL**

Plaintiff Volkswagen Group of America, Inc., submits this memorandum of law in support of the instant motion for leave to effect substituted service on Defendants. The Defendants in this case are foreign businesses located in China actively engaged in counterfeiting operations.  In order to carry on their illicit business, Defendants take numerous precautions, including actively concealing their real identities and physical addresses.  As a result, Plaintiff has been unable to determine Defendants' identities and actual physical whereabouts in order to effectively complete service of process. Plaintiff has, however, verified that the Defendants conduct business via known email addresses. Accordingly, Plaintiff respectfully requests authorization to serve the foreign Defendant businesses electronically via email.

**I.      INTRODUCTION**

Audi AG, VW AG, Bentley Motors, and Automobili Lamborghini (collectively "the VW Brands") are world famous automobile manufacturers that sell automobiles, parts, and accessories. *See* Complaint, ¶ 7. Under agreement with the VW Brands, Plaintiff polices, enforces, and promotes the VW Brands' trademarks ("the VW Trademarks") in the United States. *See id.* ¶ 6. The VW Brands spend hundreds of millions of dollars each year promoting and maintaining their brands throughout the world. *See id.* ¶¶ 11, 15, 19, 23. Based in part on these efforts, the VW Brands have been tremendously successful in the United States, and the VW Trademarks have grown to be ubiquitous brands in the United States, and throughout the world. Unfortunately, due to the success of the VW Trademarks in the marketplace, Plaintiff has discovered a significant trademark infringement and counterfeiting problem.

The Defendants in this case are engaged in an expansive counterfeiting operation that relies on online sales using online market places such as eBay ("the Defendant Stores") to sell unauthorized and unlicensed counterfeit versions of Plaintiff's proprietary ODIS diagnostic software ("the Counterfeit VWGoA Products") by the thousands. *See id.* ¶ 1, 29. The Defendants accept payment via PayPal on eBay. Despite their efforts, Plaintiff has been unable to confirm the names or specific locations of the Defendants that are the subject of this motion. *See generally* Declaration of Monica Riva Talley (the "Talley Decl."). This is not surprising, because counterfeiters like the Defendants generally take substantial steps to conceal their identities, including operating under aliases and providing false mailing addresses and phone numbers. *See id.* ¶ 8. However, given that the Defendants conduct their illicit business solely over the Internet using email and other electronic communications to complete their illicit sales, it is highly likely that the email addresses associated with the Defendants are both currently in use and accurate.

2

*See id.* ¶¶ 11-12. In fact, a working email address is a necessary prerequisite to opening and operating a PayPal account. *See id.* ¶ 11. As a result, Plaintiff submits that providing notice via email, in addition to any notice that the Defendants will receive from PayPal regarding the status of their accounts, is reasonably calculated under the circumstances to apprise the Defendants of the pendency of this action and afford them the opportunity to present their objections. In fact, email may be the only reliable way to provide such notification. Accordingly, Plaintiff seeks leave of court to serve the Complaint via email pursuant to Fed. R. Civ. P. 4(f)(3). Absent the ability to serve the Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

## II. BACKGROUND

The Defendants run a sophisticated counterfeiting operation, and are doing business with Virginia residents by selling the Counterfeit VWGoA Products through online marketplaces, such as eBay. *See* Complaint ¶¶ 26-40. The Defendant Stores share unique identifiers, such as design elements, product photographs, trade channels, similarities in price, similarities in the description of the goods offered, and similarities in the counterfeit products offered for sale, establishing a logical relationship between them. *See id.* ¶ 27; *see also* Exhibit 5 to Complaint. Further, Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. *See id.*; *see also* Talley Decl. ¶¶ 8-10. In fact, it is likely these Defendant businesses in this case have no physical business location whatsoever. *See id.* ¶ 10.

Prior to pursuing the present Action, Plaintiff conducted an investigation into the Defendants to ensure that the Defendants' goods were counterfeit. Through this investigation,

3

Plaintiff was unable to determine valid addresses or locations for any of the Defendants due, at least in part, to the purposeful concealment of their identity and location. *See id.* ¶¶ 8-10.

This purposeful concealment by the Defendants of their identities and physical locations is also consistent with previous cases where the undersigned counsel has represented plaintiffs in anti-counterfeiting cases. *See id.* ¶¶ 9-10, 14-19. One common tactic used by counterfeiters is to employ return addresses that are nothing more than post office boxes or even vacant lots. *Id.* ¶ 10. In fact, the undersigned counsel has also uncovered cases of counterfeiters using stolen identities while pursuing these types of anti-counterfeiting investigations. *Id.* ¶ 17. Indeed, other cases in this District have shown that these types of foreign counterfeiting defendants go to great lengths to conceal their identities and physical locations to shield their counterfeit operations. *See Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01126-LO-IDD [ECF 48] (E.D. Va. Oct. 11, 2019) (granting a similar motion for service by email), *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 22] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00715-LO-IDD [ECF 54] (E.D. Va. July 24, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 58] (E.D. Va. June 24, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01516-LO-IDD [ECF 24] (E.D. Va. Dec. 10, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01287-LO-IDD [ECF 22] (E.D. Va. Oct. 16, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01207-LO-IDD [ECF 21] (E.D. Va. Sept. 26, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01063-LO-IDD [ECF 22] (E.D. Va. Sept. 11, 2018) (same), *Volvo Car Corp. v. Unincorporated Ass'ns*, Case No. 1:18-cv-00977-LO-IDD [ECF 26] (E.D. Va. Aug. 31, 2018) (same), *Volkswagen AG et al. v. Unincorporated Ass'ns, et al.*, Case No. 1:17-cv-00970 [ECF

42] (E.D. Va. Nov. 21, 2017) (granting a similar motion for service by email or publication), *Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 1:17-cv-001413 [ECF 54] (E.D. Va. May 11, 2018) (same); *see also* Talley Decl. ¶¶ 14-19.

For at least these reasons, it would be nearly impossible for Plaintiff to track down and serve Defendants in-person via the Hague or otherwise. The only effective and practical solution is to serve the Defendants via email. Counterfeiters who accept payment via PayPal must provide a valid email address to their customers in order to complete the purchase. *See* Talley Decl. ¶ 11. Moreover, it is necessary for merchants, such as the Defendants, who operate entirely online, to ensure they can communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods. In fact, in past cases filed by the undersigned counsel, this method of service has proven particularly effective. *See id.* ¶¶ 11-12. On average, once notified via email by either Plaintiff's counsel or PayPal, a majority of the Defendants contact counsel to settle the case. *See id.* ¶ 13.

### III.  ARGUMENT

In this case, Plaintiff seeks leave to serve the foreign Defendants using the email addresses that the Defendants provided to open and use their respective PayPal accounts.

#### A. This Court Is Empowered to Authorize Service Via Electronic Mail.

Fed. R. Civ. P. 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: […] or

(3) by other means not prohibited by international agreement, as the court orders.

5

Importantly, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–1015 (9th Cir. 2002). As the *Rio Props.* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. *See id.*; *see also BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. May 31, 2006) (holding service of process by publication in Pakistani newspapers was appropriate and stating that "[t]he Court is afforded wide discretion in ordering service of process under Rule 4(f)(3)"); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000) (authorizing service by facsimile, e-mail, and mail to the defendant's last known address); *Smith v. Islamic Emirate of Afghanistan*, 2001 WL 1658211 (S.D.N.Y. 2001) (authorizing service by alternative methods under Fed. R. Civ. P. 4(f)(3)). Notably, many courts have held that "nothing in Rule 4(f) or its advisory committee notes indicates that court-directed service under Rule 4(f)(3) is 'extraordinary relief.'" *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001).

Numerous jurisdictions, including this Court, have granted requests to serve by email.[1] In granting service by email, courts have found that email service has the "greatest likelihood" of

---

[1] *See Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01126-LO-IDD [ECF 48] (E.D. Va. Oct. 11, 2019) (granting a similar motion for service by email), *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 22] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00715-LO-IDD [ECF 54] (E.D. Va. July 24, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 58] (E.D. Va. June 24, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01516-LO-IDD [ECF 24] (E.D. Va. Dec. 10, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01287-LO-IDD [ECF 22] (E.D. Va. Oct. 16, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01207-LO-IDD [ECF

reaching e-commerce merchants, noting, among other things, that even, "[t]he federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981 at *4 (W.D. Tenn. Mar. 17, 2010).

### B. International Agreement Does Not Preclude or Prohibit Service By Email.

Although Plaintiff is unable to determine the actual physical whereabouts of the Defendants, Plaintiff has good cause to believe that Defendants are most likely residents of China, or that Defendants utilize China as the hub of their counterfeit operations (or, at a minimum, as the source of their counterfeit goods). *See* Complaint ¶¶ 26, 30. The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or

---

21] (E.D. Va. Sept. 26, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01063-LO-IDD [ECF 22] (E.D. Va. Sept. 11, 2018) (same), *Volvo Car Corp. v. Unincorporated Ass'ns*, Case No. 1:18-cv-00977-LO-IDD [ECF 26] (E.D. Va. Aug. 31, 2018) (same), *Volkswagen AG et al. v. Unincorporated Ass'ns, et al.*, Case No. 1:17-cv-00970 [ECF 42] (E.D. Va. Nov. 21, 2017) (granting a similar motion for service by email or publication), *Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 1:17-cv-001413 [ECF 54] (E.D. Va. May 11, 2018) (same). There are also many examples of courts in other jurisdictions throughout the United States permitting service by email in cases similar to the instant case. *See*, *e.g.*, *Eye Safety Sys., Inc. v. The Partnerships and Unincorporated Ass'ns Identified in Schedule "A"*, Case No. ILND-1:18-cv-00034 [ECF 27] (Jan. 16, 2018) (granting plaintiff's motion for, *inter alia*, service by email); *see also Spin Master Ltd. et al v. The Unincorporated P'ships and Ass'n Identified in Schedule "A"*, Case No. ILND-1:18-cv-01270 [ECF 26] (Feb. 27, 2018) (same); *Levi Strauss & Co. v. The Unincorporated P'ships and Ass'ns Identified in Schedule "A"*, Case No. ILND-1:17-cv-04561 [ECF 21] (June 27, 2017) (same); *Yeti Coolers, LLC v. Taneil George, et al*, Case No. FLSD-0:17-cv-62215 [ECF 12] (Nov. 20, 2017) (same); *Mycoskie, LLC v. csmlong188 et al.*, Case No. FLSD-0:17-cv-60782 [ECF 13] (May 1, 2017) (same); *Fendi Adele, S.R.L. v. Alma Hernandez, et al*, Case No. FLSD-0:17-cv-62379 [ECF 7] (Dec. 12, 2017) (same); *Burberry Ltd. et al v. The P'ships and Unincorporated Ass'ns Identified On Schedule A*, Case No. ILND-1:17-cv-03255 [ECF 23] (May 4, 2017) (same); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Ass'n Identified on Schedule A*, Case No. FLSD-0:17-cv-62270 [ECF 9] (Nov. 22, 2017) (same); *Louis Vuitton Malletier, S.A. v. Andrew Henry et al*, Case No. FLSD-0:17-cv-61034 [ECF 12] (June 5, 2017) (same); *Cartier Int'l A.G. v. Anatoky et al*, Case No. FLSD-0:17-cv-60831 [ECF 12] (May 3, 2017) (same); *Lacoste Alligator S.A. v. 6666 store et al*, Case No. FLSD-0:17-cv-60046 [ECF 15] (Jan. 25, 2017) (same); *Gucci Am., Inc. v. 8710 t-shirt shop et al*, Case No. FLSD-0:16-cv-63002 [ECF 15] (Jan 12, 2017) (same); *Louis Vuitton Malletier, S.A. v. afste nxmu et al*, Case No. FLSD-0:17-cv-61819 [ECF 11] (Sep. 20, 2017) (same).

Commercial Matters ("Hague Convention"), to which China is a signatory, does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email service. According to Article 1 of the Hague Convention, the "Convention shall not apply where the address of the person to be served with the document is not known." Hague Convention Article 1. As such, there is no bar to court-directed email service under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1017; *see also Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639 at *2 (N.D. Cal. 2007) (permitting service by email because Hague Convention does not expressly prohibit email); *Philip Morris USA Inc. v. Veles Ltd*, No. 06 Civ. 2988, 2007 WL 725412, at *2-3 (S.D.N.Y. Mar. 12, 2007) (same); *Gurung v. Malhotra*, 2011 WL 5920766 (S.D.N.Y. 2011).

Other courts have reasoned that because the Hague Convention only applies if the law of the forum state requires service of documents abroad, the Hague Convention is not a barrier to any alternative service that will be performed domestically. *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005) (ordering service on domestic counsel under Rule 4(f)(3) and finding that Hague Convention would not apply because service would be effected in the United States); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988). Thus, because the United States of America and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters,[2] service by email is appropriate. *See also Philip Morris*, 2007 WL 725412 at *1, n.2 (electronic mail service was authorized and the Hague Convention did not apply because, despite physical "addresses" having been provided by Defendant's registrar, the actual addresses could not be confirmed as valid).

---

[2] *See* http://www.hcch.net/index_en.php?act=conventions.text&cid=17 (last visited Jan. 12, 2020).

### C. Email Service Constitutes Valid Due Process.

In order to fulfill due process requirements under Fed. R. Civ. P. 4(f)(3), the Court must approve a method of service that is "reasonably calculated under all the circumstances," to provide notice to the defendants. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Federal courts have routinely recognized the validity of service by email or publication where other means have failed. *See Juniper Networks, Inc. v. Bahattah*, No. 07-1771 (PLF), 2008 WL 250584, at **1-2 (D.D.C. Jan. 30, 2008) (citing *Rio Props., Inc.* when finding that "in certain circumstances […] service of process via electronic mail […] is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure"); *Philip Morris*, 2007 WL 725412, at *1 (allowing email service by Plaintiff); *Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 488 (N.D.W. Va. 2005) ("service of process by electronic mail is authorized by and warranted under Rule 4(f)(3) of the Federal Rules of Civil Procedure"). Moreover, "[w]here the plaintiff can show that deliberate avoidance and obstruction by the defendant [has] made the giving of notice impossible, statutes and case law have allowed substitute notice by mail and by publication in media of general and wide circulation." *S.E.C. v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987).

Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach the defendant, due process is satisfied. *See e.g., Philip Morris*, 2007 WL 725412 at *2-3 (compiling cases that show due process is satisfied by email service)*; Rio Props.*, 284 F. 3d at 1014 ("[It is] not only that service of process by email was proper—that is, reasonably calculated to appraise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]"); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004)

9

("Service of process by e-mail is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond"). Particularly, the Court is afforded wide discretion in ordering service of process under Rule 4(f)(3), which "provides the Court with … flexibility and discretion … empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *BP Prods.*, 236 F.R.D. 270 (citing *In re Int'l Telemedia Ass'n, Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000) (granting Rule 4(f)(3) motion authorizing service to defendant's last-known email address)). When exercising that discretion courts should make "an earnest effort […] to devise a method of communication that is consistent with due process and minimizes offense to foreign law." *See* Fed. R. Civ. P. 4 Advisory Committee's notes (1993).

The Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. As a result, Plaintiff is unable to accurately confirm the identities and physical locations of the Defendants to effect service and is, thus, left with email as its only effective way to ensure service of process. Email service in this case is, however, extremely likely to be effective since the Defendants must provide PayPal with a valid email address so that customers can complete payment. Moreover, it is necessary for merchants, such as the Defendants, who operate entirely online, to ensure they can communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods. In fact, in past cases filed by the undersigned counsel, this method of service has proven particularly effective. *See* Talley Decl. ¶¶ 11-12. On average, once notified via email by either Plaintiff's counsel or PayPal, typically a majority of the Defendants contact counsel to settle the case. *See id.* ¶ 13.

Accordingly, allowing service solely by email in the present case is appropriate and comports with constitutional notions of due process, particularly given the decision by Defendants to conduct their illegal Internet-based activities anonymously while unlawfully using the VW Brands' famous trademarks for their own profit.

Other courts in this District have also found email service is valid due process. *See Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01126-LO-IDD [ECF 48] (E.D. Va. Oct. 11, 2019) (granting a similar motion for service by email), *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 22] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00715-LO-IDD [ECF 54] (E.D. Va. July 24, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 58] (E.D. Va. June 24, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01516-LO-IDD [ECF 24] (E.D. Va. Dec. 10, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01287-LO-IDD [ECF 22] (E.D. Va. Oct. 16, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01207-LO-IDD [ECF 21] (E.D. Va. Sept. 26, 2018) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:18-cv-01063-LO-IDD [ECF 22] (E.D. Va. Sept. 11, 2018) (same), *Volvo Car Corp. v. Unincorporated Ass'ns*, Case No. 1:18-cv-00977-LO-IDD [ECF 26] (E.D. Va. Aug. 31, 2018) (same), *Volkswagen AG et al. v. Unincorporated Ass'ns, et al.*, Case No. 1:17-cv-00970 [ECF 42] (E.D. Va. Nov. 21, 2017) (granting a similar motion for service by email or publication), *Volkswagen AG et al. v. Unincorporated Ass'n, et al.*, Case No. 1:17-cv-001413 [ECF 54] (E.D. Va. May 11, 2018) (same).

### D. Translation of the Documents is Not Necessary, but Plaintiff Will Provide One if this Court Orders the Translation.

Plaintiff is willing to provide a translated copy of the Complaint to Defendants, if this Court orders a translation. Plaintiff contends, however, that a translation of the Complaint is not necessary for two reasons. First, Fed. R. Civ. P. 4 does not require a translation of the documents; and second, the Hague Convention does not apply where the address of the person to be served with the document is not known. *See* Exhibit 2, Hague Convention Article 1 (stating that the "Convention shall not apply where the address of the person to be served with the document is not known.").

Plaintiff also believes that providing a translation is not necessary in this case because the Defendants conduct their business in English, and direct their retail efforts to U.S. consumers. For example, all of the Defendants have advertised their product offerings in English, and based on Counsel for Plaintiff's experience in these matters, Defendants typically communicate with customers in English and conduct settlement negotiations in English. As a result, experience and circumstances would indicate that Defendants are fully capable of understanding and adequately responding to the case against them without translations of the relevant pleadings.

## IV. CONCLUSION

In light of the above, Plaintiff respectfully requests that its motion for order authorizing service of process by email be granted.

Date:  January 15, 2020

Respectfully submitted,

/s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Daniel E. Yonan (VSB No. 46019)
Nicholas J. Nowak (*pro hac vice*)
Daniel S. Block (*pro hac vice*)
Sterne Kessler Goldstein & Fox, PLLC
1100 New York Ave., N.W., Suite 600
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
dyonan@sternekessler.com
nnowak@sternekessler.com
dblock@sternekessler.com

*Attorneys for Plaintiff*